GODDARD (FOSTER v.). See Cases Nos. 4,969 and 4,970.

GODDARD (LANGDON v.). See Cases Nos. 8,060 and 8,061.

---

## Case No. 5,492.

### GODDARD v. MAXWELL.

[3 Blatchf. 131.] [1]

Circuit Court, S. D. New York.   Dec., 1853.

CUSTOMS DUTIES—APPRAISEMENT—PORT OF SHIPMENT—REQUISITES OF PROTEST—UNDERVALUATION—PENALTY.

1. Where iron was purchased in Wales, and sent from there to Liverpool, and was afterwards shipped from Liverpool to New York: *Held,* that the appraisement of the iron at its market value in Liverpool at the time of its shipment from that port, was proper, under section 16 of the act of August 30, 1842 (5 Stat. 563), and section 1 of the act of March 3, 1851 (9 Stat. 629), Liverpool being a principal market of the country of the production of the iron.

2. Requisites of a protest against the imposition of duties, under the act of February 26, 1845 (5 Stat. 727), stated.

[Cited in Bangs v. Maxwell, Case No. 841.]

3. Under section 8 of the act of July 30, 1846 (9 Stat. 43), the additional duty or penalty of 20 per cent. for undervaluation in an invoice, is chargeable alike whether the importer avails himself of the privilege given by the section, and adds to his invoice, or whether an appraisal is made upon the invoice as originally made up.

[Cited in Vaccari v. Maxwell, Case No. 16,810.]

This case came by certiorari from the supreme court of New York into this court. It was an action [by Lemuel Goddard] against [Hugh Maxwell] the collector of the port of New York, to recover back duties and a penalty exacted on a cargo of iron. The iron was entered August 25, 1851, on an invoice dated at London, July 2, 1851, stating that the iron was shipped from Liverpool for New York. The appraisers added ten shillings per ton to the invoice prices, to make them equal to the market value. On a reappraisal by a merchant appraiser and the general appraiser on appeal, they also valued the iron at ten shillings per ton above the invoice prices. This valuation having raised the iron ten per cent. above the invoice, a penalty of twenty per cent. was also imposed. The plaintiff subscribed a printed pro-

1 [Reprinted by permission.]

2 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

test, including also a paragraph in writing against the exaction of the twenty per cent. penalty, and of the duties on the increase in valuation. The protest was exceedingly multifarious, and filled with matters having no relation to the objections made on the argument to the exactions in the case. The material objections stated on the argument were, that the iron was produced and purchased in Wales, and should have been appraised at the market value there in May or June, when it was sent from Wales to Liverpool; that the addition of 2½ per cent. commission, made to the appraisal, afforded no legal ground for imposing the penalty; that the reappraisal was void, because the merchant appraiser was sworn by an official appraiser; that no penalty could be imposed unless the invoice stated the market price at the time of purchase in the country of production; that, under the act of March 3, 1851 (9 Stat. 629), an appraisal did not create a penalty; and that no penalty could be imposed unless the importer added, on his entry, to the invoice price, with a view to raise it to the market value.

THE COURT held: 1. That the appraisement of the iron at its market value in the market of Liverpool at the time of its shipment and exportation from that port, was lawful and proper, under the provisions of section 16 of the tariff act of August 30, 1842 (5 Stat. 563), and section 1 of the act of March 3, 1851 (9 Stat. 629), Liverpool being a principal market of the country of the production of the iron.

2. That the plaintiff was not authorized, by his protest, to except to the competency of the reappraisers, either for the reason that the general appraiser was one of them, or that the merchant appraiser was sworn by a custom-house appraiser, because, by his protest, he did not conform to the requirements of the act of February 26, 1845 (5 Stat. 727), by setting forth distinctly and specifically the particulars constituting their disqualification, and wherein the provisions of sections 16 and 17 of the act of August 30, 1842 (5 Stat. 563, 564), were not complied with by them, or by the collector, and what evidence the collector or the appraisers did not receive, which was offered to be produced to them, and wherein any particular evidence was improperly considered by them,—so that no opportunity was given, within the intent of the act of February 26, 1845, to consider the objections, and correct any errors which might have been committed.

3. That the protest did not object to the allowance of a commission of two and a half per cent., and that it was not made to appear to the court that such commission constituted the ground for charging the penalty of twenty per cent., or that the addition of that commission by the collector was contrary to the reappraisal.

4. That under section 8 of the tariff act of July 30, 1846 (9 Stat. 43), the additional duty or penalty of twenty per cent. is chargeable alike whether the importer avails himself of the privilege given by the section, and adds to his invoice, or whether the appraisal is made upon the invoice as originally made up.

Judgment for defendant.